FOLSOM v. STATE VETERINARY BOARD.

PHYSICIANS AND SURGEONS — VETERINARY BOARD — REGISTRATION
—REQUIREMENTS.
> The requirements of Act No. 244, Pub. Acts 1907, that an applicant for registration as a veterinarian shall be a graduate of a State institution having a curriculum of at least three sessions of six months each, is not met by an applicant who obtained a diploma in a State institution which had adopted such a curriculum, the applicant having taken a two years' course with equivalent studies.

Mandamus by Edward G. Folsom, Jr., to compel the State veterinary board to register relator under the provisions of Act No. 244, Pub. Acts 1907. Submitted July 6, 1909. (Calendar No. 23,449.) Writ denied September 21, 1909.

*Silas B. Spier*, for relator.

*John E. Bird*, Attorney General (*Arthur P. Hicks*, of counsel), for respondent.

McALVAY, J. Relator asks for a writ of mandamus to compel respondent board to register him as a veterinary surgeon in this State, and that they issue to him a proper certificate of such registration, according to law. There seems to be no dispute as to the facts presented in the case. The question before us is one of construction of the statute under which relator claims he is entitled to registration. He is a citizen of Michigan over the age of 21 years, and has presented to the board a diploma issued direct to him by the "Ontario Veterinary College, Ltd.," dated April 4, 1908. By certain exhibits attached to his petition it appears that this college, in October, 1907, "adopted a course of three sessions of six months each," and that "said college required personal attendance of its pupils."

It also appears that relator's diploma was issued to him after such requirements went into effect.

The relator urges that this showing entitles him to registration under section 5, Act No. 244, Pub. Acts 1907, which provides:

"No person shall be registered by the State veterinary board as a veterinarian or veterinary surgeon, until he shall have furnished satisfactory proof of his identity, and that he is the lawful and regular possessor of a diploma from a regular veterinary college or veterinary department of a State institution of learning or college of medicine having a curriculum of at least three sessions of six months each, * * * and that said diploma was issued * * * direct to him. * * *"

Respondent board answers—

"That relator did not attend or complete a course of three sessions of six months each, * * * and that this relator only attended and completed the two years' course."

Relator does not dispute the truth of these statements, and makes no showing by his petition that he personally attended and completed a course of three years. He relies entirely upon the fact that, at the time his diploma was granted to him by this college, its curriculum of three sessions of six months each had been adopted and was in force. In his brief he says that,—

"Because of said enactment in Michigan, said college in October, 1907, changed its curriculum so that its college course was of three sessions of six months each. The same studies were required in the two years' course as were required in the three years' course."

The legislative intent in raising the requirements for registration was obviously for the purpose of raising the standard of proficiency of those who should enter upon practice as veterinarians or veterinary surgeons. Our construction of the statute is that it requires of the applicant personal attendance at a reputable institution, and the completion of a course of three sessions of six months each. The action of this institution in declaring the

courses of study and sessions required is not controlling in this case. Respondent board under this statute must find that an applicant is qualified for registration according to its requirements. Relator's construction of this law would nullify the express intent of the legislature to raise the standard of eligibility for registration. The action of respondent board upon the application presented was justified, and is approved by this court.

The writ is denied.

BLAIR, C. J., and GRANT, MONTGOMERY, and BROOKE, JJ., concurred.